# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TERENCE HORNER,

       Plaintiff,

v.                                  No. 1:16-cv-01164-MCA/LF

A'VIANDS, LLC and KRISTI
ROMERO, individually and as an
Employee of A'VIANDS, LLC,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Plaintiff Terence Horner's (Plaintiff's) *Motion to Dismiss Defendants' Notice of Removal and Plaintiff's Motion to Remand Case to State District Court* (*Motion to Remand*).  [Doc. 7]  The Court has considered the parties' submissions and the relevant law, and is otherwise fully informed.  Also pending before this Court is the parties' *Joint Motion to Stay Proceedings* [Doc. 12].  That matter will be addressed by separate order.  However, the Court does not believe that a decision on the pending *Motion to Remand* will have any effect on Plaintiff's administrative remedies should a stay be imposed and therefore believes it is the responsibility of the Court to clarify for the parties the jurisdictional questions based on the current state of the pleadings.  For the following reasons, the Court **denies** Plaintiff's *Motion to Remand*.

## I.   BACKGROUND

On September 1, 2016, Plaintiff filed a *Complaint* in the Fourth Judicial District Court, San Miguel County, New Mexico.  [Doc. 1-2]  In the three-count *Complaint*, Plaintiff alleged that Defendants A'Viands, LLC and Kristi Romero, individually and as an employee of A'Viands, LLC (collectively, Defendants), discriminated against him on the bases of sex and national origin contrary to 42 U.S.C. § 2000e ("Title VII") and the New Mexico Human Rights Act ("the NMHRA").  [Doc. 1-2]  Plaintiff also alleged that Defendants retaliated against him contrary to Title VII and the NMHRA.  [Doc. 1-2] Finally, Plaintiff alleged that Defendants intentionally inflicted emotional distress.  [Doc 1-2]

Defendants filed a *Notice of Removal* on October 21, 2016 [Doc. 1], and answered the *Complaint* on October 28, 2016.  [Doc. 4]  Defendants argued that removal to this Court is appropriate because (1) Plaintiff's action "involves claims that relate to the laws of the United States; specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. [§] 2000e" and (2) this Court has supplemental jurisdiction over Plaintiff's state-law claims. [Doc. 1]  Plaintiff moved for remand of the entire *Complaint* back to the Fourth Judicial District Court.  [Doc. 7 (Plaintiff's *Motion to Remand*); Doc. 8 (Defendants' Response)] Plaintiff filed a *Notice of Completion of Briefing on Plaintiff's Motion to Remand* on December 13, 2016.  [Doc. 11]

## II.   ANALYSIS

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States."  28 U.S.C. § 1441(a) (2012).

> Under 28 U.S.C. § 1331, federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  To determine whether [a] claim arises under federal law, [courts] examine the 'well[-]pleaded' allegations of the complaint and ignore potential defenses. . . .  Under the 'well-pleaded complaint' rule, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law. . . .  By omitting federal claims from a complaint, a plaintiff can [generally] guarantee an action will be heard in state court.

*Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (internal quotation marks and citation omitted).  "For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks and citation omitted).

Plaintiff argues first that remand is proper because "[t]here is no federal question presented in this lawsuit requiring original federal jurisdiction."  [Doc. 7-1]  Plaintiff does not address directly whether federal law created the causes of action in his *Complaint*.  Instead, Plaintiff attempts to downplay the fact that he included Title VII claims in his *Complaint* and their importance to his suit.  Plaintiff also argues that his

state-law claims do not require resolution of a substantial federal question.   Both approaches are unavailing.

Plaintiff maintains that his "lawsuit arises under the NMHRA," that "the NMHRA is better suited for [P]laintiff's cause of action," and that "[t]he federal issue carries no significance."   [Doc. 7-1, pgs. 4, 6]   In his *Complaint*, however, Plaintiff specifically states that counts 1 and 2 are based on both Title VII and the NMHRA.   [Doc. 1-2, pg. 9] Plaintiff references exhaustion of administrative procedures with the Equal Employment Opportunity Commission (EEOC), which are required under Title VII.   42 U.S.C. § 5000e-5(b).   [Doc. 1-2, pg. 7-8]   Moreover, Plaintiff seeks attorney fees and costs pursuant to Title VII.   42 U.S.C. § 5000e-5(k).   [Doc. 1-2, pg. 11]   Thus, on its face, the *Complaint* indicates that Plaintiff is seeking relief under federal law.   *Cf. Fielden v. Wal-Mart Stores, Inc.*, No. 03-1009-WEB, 2003 WL 1751000, at *3 (D. Kan. Mar. 27, 2003) (stating that the plaintiff had not stated a federal claim where "[n]o federal laws [we]re cited, no allegation [wa]s made regarding exhaustion of EEOC administrative remedies, and no exclusively federal relief [wa]s prayed for in the complaint.").   As master of his *Complaint*, Plaintiff could have avoided federal jurisdiction by pleading only state-law claims.   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating that the "well-pleaded complaint rule" "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.").   Plaintiff chose not to do so, nor has he moved to dismiss the Title VII claims from his *Complaint*.

Plaintiff also relies on *Gunn v. Minton* to argue that federal jurisdiction is inappropriate because his state-law claims do not implicate a federal issue that is: "(1)

necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  133 S. Ct. 1059, 1065 (2013).  However, this analysis is necessary only if the first prong of the jurisdictional analysis—whether the *Complaint* alleges a cause of action that is created by federal law—is unsatisfied.  Here, Plaintiff's Title VII claims are clearly created by federal law.  Thus, there is no need to address this argument further.

Next, Plaintiff argues that "[t]here is no basis for this [C]ourt to agree to take supplemental jurisdiction over the state[-]law claims" because the state-law claims "substantially predominate the Title VII claims."  [Doc. 7-1, pg. 8]  28 U.S.C. § 1367(a) provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." District courts may decline supplemental jurisdiction under circumstances defined by 28 U.S.C. § 1367(c):

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Whether state-law claims predominate is assessed "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought."  *United Mine*

*Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966).  Plaintiff maintains that his "state claims involve separate causes of action with distinct standards of proof and type of damages" and that his state-law claims "address separate and specific tortious actions of the defendants that are actionable under New Mexico law independent of his Title VII claims."  [Doc. 7-1, pg. 9]  To address this argument, the Court again looks to Plaintiff's *Complaint.  See Gard v. Teletronics Pacing Sys., Inc.*, 859 F. Supp. 1349, 1353 (D. Colo. 1994) (relying on the complaint to determine whether state-law claims predominated).

Plaintiff alleged that "Plaintiff was denied a position with Defendant due to his sex (male) and his national origin (Hispanic) in violation of [Title VII] and [the NMHRA]. When Plaintiff complained about such treatment to the EEOC, his employer retaliated against him in violation of the NMHRA and Title VII."  [Doc. 1-2, pg. 7]  He also alleges that "Defendants' conduct . . . was extreme and outrageous, wanton, knowingly wrongful, intentional or in reckless disregard of Plaintiff's rights to be free of such discrimination." [Doc. 1-2, pg. 10]  Contrary to Plaintiff's contention that his claims depend on "separate and specific tortious actions of the defendants," the *Complaint* does not allege separate facts related to Title VII, NMHRA, or intentional infliction of emotional distress claims. Instead, the claims for discrimination and retaliation reference both Title VII and the NMHRA, and the same underlying facts are expressly incorporated within each claim. [Doc. 1-2, pgs. 9-10]  Moreover, a plaintiff's "burden under the NMHRA is identical to [his or her] burden under Title VII."  *Orr v. City Of Albuquerque*, 417 F.3d 1144, 1149 n. 5 (10th Cir. 2005).  Although the elements of intentional infliction of emotional distress differ from those of the other two claims, that claim arises from the same conduct as

alleged in the Title VII and NMHRA claims.  *See Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 105 (5th Cir. 1996) (stating that a state-law claim for intentional infliction of emotional distress was not separate and independent of federal FMLA claims because both claims rested on "the single wrong [of] termination, and the various claims are simply different theories of recovery"); *Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 47, 127 N.M. 47, 976 P.2d 999 ("To recover for intentional infliction of emotional distress, the claimant must show that the tortfeasor's conduct was extreme and outrageous under the circumstances, that the tortfeasor acted intentionally or recklessly, and that as a result of the conduct the claimant experienced severe emotional distress."). Hence, the facts necessary for proof of each claim are substantially similar.  *See Lyon v. Whisman*, 45 F.3d 758, 761 (3d Cir. 1995) (stating that "when the same acts violate parallel federal and state laws, the common nucleus of operative facts is obvious and federal courts routinely exercise supplemental jurisdiction over the state law claims"); *Gard*, 859 F. Supp. at 1353 (stating that "[t]he test for predominance is an analysis of the facts which must be proved relative to each claim.  If these facts are similar or identical, it cannot be said the state-law claims predominate over the federal claim or the scope of the case would be expanded").  Given that all of Plaintiff's claims depend on "a common nucleus of operative facts" and the federal-law claims share the same essential elements with the NMHRA claims, Plaintiff's assertion that the claims allow different types of damages fails to render the state-law claims predominant over the federal-law claims. [*See* Doc. 1-2, pg. 9]  *See Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-040, ¶ 8, 117 N.M. 441, 872 P.2d 859 (stating that punitive damages are not available under the

NMHRA); *Hysten v. Burlington Northern Santa Fe Ry. Co.,* 530 F.3d 1260, 1278 (10th Cir. 2008) (stating that punitive damages are available under 42 U.S.C. § 1981a(b)1). *See Jones v. Halliburton Co.*, 791 F. Supp. 2d 567, 592 (S.D. Tex. 2011) (stating that federal courts have exercised jurisdiction over state statutory and common law claims filed alongside claims brought under Title VII and other federal antidiscrimination statutes" and collecting cases).

## III.   CONCLUSION

In sum, Plaintiff's *Complaint* alleges claims arising from federal law over which this Court has original jurisdiction.  Consequently, removal from state court to this Court was proper.  In addition, Plaintiff's state-law claims do not substantially predominate over the federal claims such that supplemental jurisdiction should be declined at this stage of the proceedings.

Accordingly, Plaintiff's *Motion to Remand* is **denied**.

**SO ORDERED this 14th day of December, 2016.**

M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE

8